**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL,         )<br>                                                             )<br>           Plaintiff,                                 )<br>                                                             )<br>     v.                                                    )<br>                                                             )<br> CO1, et al.,                                          )<br>                                                             )<br>           Defendants.                           )  | No. 4:20-cv-01905-JCH |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of the complaint, plaintiff states: "[Application] to proceed in District Court without prepaying fees or costs. I Joseph Michael Devon Engel am at ERDCC [and] only get $5.00 dollars a month. MODOC won[']t give me another copy of account [statement]." (Docket No. 1 at 1). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2), claiming that the Missouri Department of Corrections will not give him "another copy." Nevertheless, having reviewed the information provided by plaintiff, the Court will direct him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the Court with a copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

2

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri.[2] At the time this case was filed, however, plaintiff was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre,

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held in a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

3

Missouri. Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, naming forty separate defendants, identified by institution or job title only: CO1; CO2; Sergeant; Lieutenant; Captain; Corporal; Functional Unit Manager; Caseworker #1; Caseworker #2; Assistant Superintendent; Assistant Warden; Warden; ERDCC; Corrections Classification Assistant; IPO, ERDCC; IPO Supervisor, ERDCC; Assistant Director, P&P; Director, P&P; Missouri Department of Corrections; Assistant Director, Missouri Department of Corrections; Director; Assistant Attorney General; Lieutenant Governor; Governor; Senator #1; Senator #2; House Representative, Missouri; Corizon Health Care; Corizon Director; Corizon Assistant Director; Corizon Assistant Superintendent; Corizon, ERDCC; Corizon Supervisor; Corizon RN; Corizon LPN; Corizon CNA; Corizon Med Tech; Corizon Chronic Care; Corizon Nurse Practitioner; and Corizon Doctor. (Docket No. 1 at 2). Defendants are sued in both an official and individual capacity. (Docket No. 1 at 1).

As to his "Statement of Claim," plaintiff asserts that "[t]his is in regards to medical Corizon refusing to treat [him]." (Docket No. 1 at 2). He alleges that his "insides feel like [they are] on fire," that he is experiencing hot and cold flashes, that he is vomiting and defecating blood and clear liquid, that he is shaking uncontrollably, and that he has severe pain under his ribcage. Due to this, plaintiff is seeking many trillions of dollars in damages from each defendant, as well as tens of millions of shares of stock in various commodities, countries, and companies. (Docket No. 1 at 2-3).

4

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. The Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. ERDCC and the Missouri Department of Corrections**

The Missouri Department of Corrections is a department of the State of Missouri, while the ERDCC is a state correctional facility. Thus, the claims against these two defendants are treated the same as claims against the State of Missouri itself. The claims fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. Second, the State of Missouri is protected by the doctrine of sovereign immunity.

    **i.    State is Not a 42 U.S.C. § 1983 "Person"**

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as noted above, plaintiff has sued both the Missouri Department of Corrections and the ERDCC. These claims are treated as being made against the State of Missouri itself. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is

5

what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 action, the claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

### ii. Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the

6

text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, plaintiff has named the Missouri Department of Corrections and the ERDCC as defendants. As noted above, however, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. Furthermore, no exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

**B. Corizon[3]**

Corizon is a private company that is contracted to provide medical services to prison inmates. Such a company, acting under color of state law, cannot be held liable on a respondeat superior theory. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against an entity such as Corizon, the plaintiff "must show that there was a policy, custom,

---

[3] Plaintiff lists Corizon Health Care, Corizon, ERDCC, and Corizon Chronic Care as three separate defendants. For purposes of this review, the Court is treating the claims against these three defendants as a single claim against Corizon.

7

or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, plaintiff is alleging a lack of medical care. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). A showing of deliberate indifference requires more than a mere disagreement with

treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff describes his insides as feeling like "fire," and asserts that he is experiencing hot and cold flashes, that he is vomiting and defecating blood, that he has ribcage pain, and that he is shaking uncontrollably. However, even if the Court assumes that plaintiff has described an objectively serious medical need, he has presented no facts showing that prison officials or medical staff "actually knew of and disregarded that need." That is, plaintiff does not provide any facts establishing that prison officials or medical staff was aware of his condition. Furthermore, he does not allege facts showing that medical treatment for this condition was denied or delayed, or that anyone interfered with his treatment. Instead, plaintiff states solely that "medical Corizon [is] refusing to treat [him]." This single, vague statement, by itself, is insufficient to demonstrate deliberate indifference.

Certainly, plaintiff has not established that Corizon itself is constitutionally liable. As explained above, in order to support a claim against Corizon, plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." Plaintiff has not done this. Specifically, there is no indication that any alleged refusal to treat plaintiff derived from a Corizon policy, custom, or official action. Because plaintiff has not alleged sufficient facts to sustain a claim against Corizon, the claim must be dismissed.

### C. Official Capacity Claims Against State Employees

Plaintiff has sued all defendants in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172

9

F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Twenty-five of the forty listed defendants appear to be employed by the State of Missouri.[4] As such, the claims against them are actually claims against the state itself, their employer. The claims fail for two reasons. First, a state official acting in an official capacity is not a "person" for purposes of a 42 U.S.C. § 1983 claim. *See Will*, 491 U.S. at 71 (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Second, the Eleventh Amendment bars a claim for money damages against a state employee acting in an official capacity. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). For these reasons, the official capacity claims against the State of Missouri employees must be dismissed.

---

[4] Those defendants are: CO1; CO2; Sergeant; Lieutenant; Captain; Corporal; Functional Unit Manager; Caseworker #1; Caseworker #2; Assistant Superintendent; Assistant Warden; Warden; Corrections Classification Assistant; IPO, ERDCC; IPO Supervisor, ERDCC; Assistant Director, P&P; Director, P&P; Assistant Director, Missouri Department of Corrections; Director; Assistant Attorney General; Lieutenant Governor; Governor; Senator #1; Senator #2; and House Representative, Missouri.

### D. Official Capacity Claims Against Corizon Employees

Aside from the twenty-five individual defendants employed by the State of Missouri, there appears to be ten individuals employed by Corizon.[5] As noted above, in an official capacity claim against an individual, the claim is actually against the governmental entity employing that person. *See White*, 865 F.3d at 1075. Thus, the official capacity claims against these defendants is actually a claim against Corizon. However, as explained in more detail above, plaintiff has failed to state a claim against Corizon, because he has not demonstrated that he was injured by a Corizon policy, custom, or official action. *See Stearns*, 957 F.3d at 906 (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). For this reason, plaintiff's official capacity claims against the Corizon employees must be dismissed.

### E. Individual Capacity Claims

Aside from the official capacity claims, plaintiff has also sued defendants in their individual capacities. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore,

---

[5] Those defendants are: Corizon Director; Corizon Assistant Director; Corizon Assistant Superintendent; Corizon Supervisor; Corizon RN; Corizon LPN; Corizon CNA; Corizon Med Tech; Corizon Nurse Practitioner; and Corizon Doctor.

"there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Of the forty listed defendants in this case, thirty-five appear to be individuals who are identified by their job title only. Plaintiff has made no attempt to connect any of these persons to the alleged deliberate indifference to his medical needs. Instead, plaintiff simply lists a job title, and provides the amount of monetary damages he wants from that person. For example, he has a line for an unknown "Caseworker" from whom he wants $800 trillion. That unknown "Caseworker" is mentioned nowhere else in the complaint. This is true of all the defendants. At no point does plaintiff provide any indication as to what each person did or did not do.

Aside from being listed as defendants, none of the individuals in this case are referenced in plaintiff's "Statement of Claim." Simply naming a person as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations). Rather, as noted above, plaintiff must show a defendant's direct responsibility for the deprivation of his rights. Because plaintiff has not done this, his individual capacity claims must be dismissed for failure to state a claim.

### F. Motion for Appointment of Counsel

In the body of his complaint, plaintiff moves for the appointment of counsel. The motion will be denied as moot as this case is being dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd of March, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE